THOMAS P. SMITH *v.* BRENT HOPKINS.

**Court Commissioners—Special Commissioner—Compensation.**

After a special commissioner has been appointed without objection by either of the parties or the regular commissioner, after his labors have been performed, acted upon and accepted, it is too late to object to his remuneration.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 11, 1873.

OPINION BY JUDGE PRYOR:

There is no exception to be found to the appointment of Hopkins as special commissioner. The case had been previously referred to him, and his familiarity with its condition no doubt influenced the chancellor and the parties in committing it again to his hands for settlement.

Those interested in the adjustment of the matters in controversy have had the benefit of his labor and there is nothing in the record showing that the allowance is exorbitant.

Under the general law with reference to the services performed

by commissioners proof is required as to the number of days the commissioner has been engaged in his work and the value of services rendered. This general law, however, does not apply to the commissioner of the Louisville Chancery Court, as was decided in the case of *Smith v. Cochran,* 7 Bush 554.

It is too late after the special commissioner has been appointed without objection by either of the parties or the regular commissioner, and after his labor has been performed, acted upon, and accepted, to say that he is entitled to no remuneration. The judgment of the court below making the allowance is *affirmed.*

*R. W. Wooley, for appellant.*